REDMANN, Judge,
dissenting from remand.
The trial court judgment was wrong in refusing to restore this eight-year-old child to the parent who has been her companion throughout her life. The passage of 14 months without correcting that wrong makes it worse, not better. We should render judgment returning custody to the mother forthwith to minimize the harm to this child.
Twelve months from trial court judgment to appellate decision is probably a typical period for custody cases in this court.[1] The typical appellee in a custody case, therefore, will be able to argue that he or she has the added advantage of having had custody for about 12 months more at appellate decision time than at trial decision time. Every custody case in which this court believes a custody change should be reversed will therefore be a subject for remand.[2]
On remand, unfortunately, the trial judge must render another judgment from which another appeal theoretically lies. Suppose that our trial judge should conclude that the child should return to its mother because of the stability concept notwithstanding some disadvantage to the child’s being in her care, and then the father takes an appeal which takes 12 or 14 months to be decided: should that appeal also be remanded?
Are we not telling custody litigants that they have no appeal? Or do we establish special rules for custody appeals, because of a misunderstanding of the Supreme Court in Bordelon, and review a trial court judgment to decide that although it may have been wrong when rendered, our judicial sys- *887 tern’s delay has by now made it right? Do we give new meaning to “Justice delayed is justice denied”?

. After a judgment on child custody, the Louisiana Code of Civil Procedure allows seven days to apply for rehearing, then 30 days to appeal, then 60 days to lodge the record with the court of appeal, with the trial judge able to extend that by 30 days (and the court of appeal able to extend it more). Thus 127 days may pass before the record (or a request for further extension) comes to the court of appeal, and thereafter the Rules allow 25 days to appellant and then 20 days to appellee for briefing. The total may thus be 172 days (six months and 12 days), if no extension is asked of the court of appeal, before the appeal is ready to be heard. Moreover, this court is not at present current on its docket; it took six months from lodging of record to oral argument in this case and presumably takes a similar time in other custody cases in this court. (Some relief from this delay will result from an accelerated disposition panel that is now reviewing incoming cases to save the simpler ones from waiting in line behind the more complex ones that require the full course of traditional appellate review.)

. There will thus no longer be an effective review by appeal of right; the only effective review will be by application for writs.